### GREAT WEST CASUALTY CO., et al., Plaintiffs,

v.

### P.A.M. TRANSPORT, INC., et al., Defendants.

### Case No. 3:12CV1433

United States District Court,
N.D. Ohio, Western Division.

Filed: 07/02/2014

Jeffrey J. Jurca, Beth Anne Lashuk, Jason P. Grable, Jurca & Lashuk, Andrew W. Cecil, Cecil & Geiser, Columbus, OH, for Plaintiff.

William R. Lindsley, Toledo, OH, for Defendant.

### ORDER

James G. Carr, Sr., United States District Judge

This is a personal injury and property damage case arising from a collision between a truck insured by plaintiff Great West Casualty and driven by Viorel Vlad

and a P.A.M. transport truck driven by Kalvin Scott.

The jury returned a verdict for plaintiffs in the amount of $264,000, but allocated comparative fault of fifty percent to each driver. Accordingly, I entered final judgment, as to which counsel for the parties agreed, in the amount of $128,000 in favor of Vlad.

Before trial, the parties, in a stipulation they read into the record outside the presence of the jury, agreed to the amount of the property damage loss ($68,262) to the plaintiff insurer of the truck that Vlad was driving.

Pending is defendants' motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60. (Doc. 52). The gravamen of the motion is that I should have reduced the judgment entry of $128,000 by one half of the stipulated subrogation loss.

The defendants base their contention on a jury instruction, as to which both counsel agreed and neither objected:

If you have found Mr. Scott was negligent and his negligence proximately caused the collision and resulting injuries to Mr. Vlad and damage to his truck, you shall determine by a preponderance of the evidence the amount of money that will reasonably compensate Mr. Vlad for his injuries. The parties have stipulated as to the amount of damage caused to Mr. Vlad's truck.

According to defendants, the plain meaning of this instruction is that, in light of this instruction, the jury's verdict of $256,000 incorporated both the subrogation loss re. the truck and Vlad's personal injuries.

To begin with, defendants are complaining about a putative ambiguity in an instruction as to which they voiced no objection. Had I been asked also to instruct the jury: "You are to return a verdict only as to Mr. Vlad's injuries," I would have done so.

But no one asked, and I didn't think of it. That was so, because in my mind then— and now—the instruction, as given, tells the jury, "you shall determine by a preponderance of the evidence the amount of money that will reasonably compensate Mr. Vlad for his injuries."

That there is little likelihood that the jury was confused by the reference to the stipulation as to damages to the truck is apparent from the lack of a question from the jury as seeking clarification of the instruction.

As importantly, aside from any issue of waiver for lack of objection (and by concurrence in the judgment entry), is the simple fact that the jury never heard anything about the amount of damage to the truck. The stipulation went into the record outside the hearing of the jury. There was no evidence as to the amount of the damage. The jury had no basis for its verdict except the evidence of Vlad's injuries.

I have little doubt that the lawyers and I all understood during the trial and through the return of the verdict that all that was at issue, and all that the jury was to decide, was whether Vlad was entitled to recover and, if so, the amount of his recovery.

The *post hoc* hindsight, whether that of defendants' able attorney or his clients, is unavailing. This was a personal injury trial from start to finish.

It is, therefore,

ORDERED THAT defendants' motion to alter or amend judgment be (Doc. 52) be, and the same hereby is denied.

So ordered.